RENDERED: JULY 10, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1050-MR

RAECHEL NICOLE HOLT                  APPELLANT

v.            APPEAL FROM KENTON CIRCUIT COURT
HONORABLE KATHLEEN LAPE, JUDGE
ACTION NO. 21-CR-00758

COMMONWEALTH OF KENTUCKY           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, EASTON, AND L. JONES, JUDGES.

JONES, L., JUDGE: Raechel Nicole Holt (Holt) brings this appeal from a Final Judgment and Sentence of Imprisonment entered in the Kenton Circuit Court on August 2, 2024, adjudicating Holt guilty of Possession of a Controlled Substance and sentencing her to two-years' imprisonment. We affirm.

On April 14, 2021, Covington Police Officer Kevin Igo conducted a traffic stop of a vehicle that had a loud exhaust and possibly missing a muffler.

Shortly after Officer Igo initiated the stop, Officer Raven Cioca arrived on the scene. Officer Igo was standing near the vehicle on the driver's side speaking with the driver of the vehicle, James Pitts (Pitts). Officer Cioca approached the passenger's side of the vehicle and spoke with the passenger, Holt. Officer Cioca noticed that Holt seemed "really nervous [and] she wanted to smoke a cigarette. . . . [S]he began taking her sweatshirt off and fidgeting . . . inside the side of her shirt area. . . . She was definitely fidgeting toward the center of the vehicle[.]" Trial Record, June 11, 2024, 1:25:58-1:26:48. The officers asked Pitts and Holt for identification and it was determined that Holt had an active warrant for her arrest. When Holt was removed from the vehicle, she requested that her belongings also be removed from the vehicle. When Officer Cioca was in the process of retrieving the sweatshirt, Officer Cioca noticed a bag containing what she believed was methamphetamine between the console and the passenger's seat. Holt claimed that Pitts had thrown the bag at her and told her to get rid of it. Holt claimed she complied with Pitts' request because she was afraid of him. Holt denied ever having the bag of drugs in her clothing. Subsequent testing confirmed the substance in the bag was methamphetamine.

Holt was indicted by a Kenton County Grand Jury upon one count of Possession of a Controlled Substance in the First Degree (Complicity). Following a jury trial, Holt was found guilty of the indicted offense. By Judgment and

Sentence on Verdict, Holt was sentenced to two-years' imprisonment. This appeal follows.

Holt initially contends the trial court erred by "submitting a combination instruction to the jury which included two theories of culpability as to the charge of first-degree possession of a controlled substance, thereby creating a unanimous verdict violation." Holt's Brief at 3. In other words, Holt asserts the instruction contained two theories of culpability: (1) that Holt acted alone in the possession of the methamphetamine; or (2) Holt acted in complicity with Pitts in the possession of the methamphetamine. Holt acknowledges the issue is unpreserved and requests review for palpable error pursuant to RCr[1] 10.26.

The Commonwealth responds to Holt's contention by asserting the jury instruction was properly given and, if not properly given, Holt's claims of error were "waived, unpreserved, and barred[.]" Commonwealth's Brief at 3. More particularly, the Commonwealth contends Holt waived her challenge to the jury instruction by expressly agreeing to the proposed jury instructions.

The instruction given to the jury was as follows:

### INSTRUCTION NO. V

You will find the Defendant, RAECHEL N. HOLT,
guilty of First-Degree Possession of a Controlled
Substance under this Instruction if, and only if, you

_____

[1] Kentucky Rules of Criminal Procedure.

-3-

believe from the evidence beyond a reasonable doubt all of the following:

A. That in this County on or about April 14, 2021, and before the finding of the Indictment herein, the Defendant, RAECHEL N. HOLT,

a. Knowingly had in her possession any quantity of Methamphetamine.

OR

B. That in this County on or about April 14, 2021, and before the finding of the Indictment herein, the Defendant, RAECHEL N. HOLT,

a. Aided JAMES PITTS in the planning or commission of the offense of Possession of a Controlled Substance in the First Degree; AND

b. That the Defendant, RAECHEL N. HOLT, did so with the intention of promoting or facilitating Possession of a Controlled Substance.

Trial Record at 70; Appellant Brief.

The Kentucky Supreme Court in *Martin v. Commonwealth*, 409 S.W.3d 340 (Ky. 2013), specifically addressed when an alleged error in a jury instruction will not be reviewed under RCr 9.54(2)[2] as opposed to when the error

---

[2] RCr 9.54(2) provides:

No party may assign as error the giving or the failure to give an instruction unless the party's position has been fairly and adequately presented to the trial judge by an offered instruction or by motion, or unless the party makes objection before the court instructs the jury, stating specifically the matter to which the party objects and the ground or grounds of the objection.

would be reviewed in accordance with RCr 10.26.[3] The Court in *Martin* contrasted the situation in which a particular instruction should or should not have been given versus when the instruction was given but was incorrectly stated. The *Martin* Court particularly stated:

> While a timely objection in the trial court is always necessary to preserve the right of appellate review of a defectively phrased instruction, review under RCr 10.26 is appropriate when an unpreserved error is palpable and when relief is necessary to avoid manifest injustice resulting from a defective instruction. In summary, assignments of error in "the giving or the failure to give" an instruction are subject to RCr 9.54(2)'s bar on appellate review, but unpreserved allegations of defects in the instructions that were given may be accorded palpable error review under RCr 10.26.

409 S.W.3d at 346.

In this case, we have an unpreserved allegation of a defect in the instruction that was given and, thus, it is reviewable under RCr 10.26. However, the Kentucky Supreme Court recently reasoned in *Boggs v. Commonwealth*, 718 S.W.3d 651, 659 (Ky. 2025), that "[t]here is a difference between failing to object and waiver—at least in the context of juror unanimity[.]" In the context of juror unanimity, the issue is not whether defendant failed to object to an erroneous jury

---

[3] RCr 10.26 provides: "A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."

instruction; rather the issue is "whether he knowingly relinquished the right." *Id.* at 659. The relinquishment of a known right may occur "by expressly agreeing to the trial court's instructions . . . or by tendering instructions that are substantially similar to those ultimately given by the trial judge." *Id.* (internal quotation marks and citations omitted). And if a defendant does either of those things, "any alleged error is deemed to have been invited, and invited errors are not subject to appellate review." *Id.* (internal quotation marks and citations omitted).

In the case *sub judice*, Holt did not object to including the instruction on complicity. When specifically asked by the court if there were any objections to the jury instructions, counsel for Holt responded: "We are good with them." Video Record: 6/11/24, 3:12:39. This brings Holt's argument "firmly within the ambit of *Sanchez*, which held '[b]y expressly agreeing to the jury instructions . . . [defendant] waived his ability to now challenge those instructions on appeal." *Id.* at 659-60 (quoting *Sanchez v. Commonwealth*, 680 S.W.3d 911, 930 (Ky. 2023)).[4] Accordingly, Holt's allegation of error concerning the unanimity issue in the jury instructions is barred from appellate review as she informed the trial court she had no objections to the jury instructions nor any desire to change the proposed

---

[4] In *Sanchez*, our Kentucky Supreme Court found that the defendant had waived his argument that the jury instructions contained a unanimous verdict violation when he agreed to the jury instructions that were ultimately submitted to the jury.

instructions.  We view any remaining contentions of error to be moot or without merit.

For the foregoing reasons, the Final Judgment and Sentence of Imprisonment entered in the Kenton Circuit Court on August 2, 2024, adjudicating Holt guilty of Possession of a Controlled Substance and sentencing her to two-years' imprisonment is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer E. Hubbard
Assistant Public Advocate
Louisville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky